UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

John M. Griffin

    v.                                                Civ. No. 24-cv-239-SE-AJ

Hon. Alan C. Stout, et al.

## REPORT AND RECOMMENDATION

Plaintiff John M. Griffin, appearing pro se, has sued a Federal Bankruptcy Court Judge and several attorneys involved in a case in the United States Bankruptcy Court for the Western District of Kentucky, in which Mr. Griffin was a creditor. See Compl. (Doc. No. 1); see also In Re: US Cavalry Store, Inc., No. 13-31315, Order (Doc. No. 757) at 1 n.1 (Bankr. W.D. Ky. Mar. 13, 2024) ("the Kentucky case"). Presently before the court is Mr. Griffin's motion for an injunction (Doc. No. 3) to prevent the destruction of certain documents related to the Kentucky case. The motion has been referred to the undersigned Magistrate Judge for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(A) and LR 72.1. As explained more fully below, the court recommends that Mr. Griffin's motion be denied.

### Standard of Review

"A preliminary injunction is an extraordinary and drastic remedy that is never awarded as of right." Peoples Fed. Sav. Bank v. People's United Bank, 672 F.3d 1, 8-9 (1st Cir. 2012)

(quoting Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011)). A judge should grant such injunctive relief "sparingly." Mass. Coal. of Citizens with Disabilities v. Civil Def. Agency & Off. of Emergency Preparedness, 649 F.2d 71, 76 n.7 (1st Cir. 1981). To determine whether to issue a preliminary injunction a court must analyze four factors:

> (1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest. Esso Standard Oil Co. v. Monroig-Zayas, 445 F.3d 13, 17-18 (1st Cir. 2006) (alteration in original) (quoting Bl(a)ck Tea Soc'y v. City of Boston, 378 F.3d 8, 11 (1st Cir. 2004)).

"The party seeking the preliminary injunction bears the burden of establishing that these four factors weigh in its favor." Id. at 18. "[T]rial courts have wide discretion in making judgments regarding the appropriateness of such relief." Francisco Sánchez v. Esso Standard Oil Co., 572 F.3d 1, 14 (1st Cir. 2009).

"The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002); see also

2

Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F.3d 1, 7 (1st Cir. 2012) (confirming that this factor is "the most important part of the preliminary injunction assessment" (quoting Jean v. Mass. State Police, 492 F.3d 24, 27 (1st Cir. 2007))).

### Factual Background and Prior Proceedings

This lawsuit stems from Mr. Griffin's participation in two other suits. First, as mentioned above, Mr. Griffin was a creditor in the Kentucky bankruptcy suit. Previously, he was a plaintiff in a Georgia state court suit, which was resolved against him, both on summary judgment at the trial court, and again on appeal. See Griffin v. U.S. Cavalry, Inc., Civ. No. 10-CV-127, Order on Summary Judgment, (Ga. Super., Chattahoochie Cnty. Sept. 14, 2018), app. dismissed, No. A19A0941 (Ga. Ct. App. Apr. 30, 2019) ("the Georgia case").

In 2023, towards the end of the Kentucky bankruptcy proceedings – which commenced in 2013 -- an issue arose as to the disposition of a cache of the debtor's business records being kept in a storage facility. The Bankruptcy Court judge, a defendant in this case, described the chronology as follows:

> Over ten years after the filing of this bankruptcy case, on May 3, 2023, Ms. Bryant filed a Motion to Authorize Destruction of Records wherein she indicated that the estate was holding business records dating back to 1992. Ms. Bryant sought authority to destroy these records.

On May 6, 2023, Mr. Griffin filed a pro se objection to the motion stating that he needed some of the records in regard to state court litigation in Georgia. Specifically, he stated that "he would have won his case in Georgia if [his] lawyer had exercised his rights to collect and process the case-related documents originally ... ." From such statement, it appeared that the Georgia state court case had concluded with a result not in Mr. Griffin's favor.

The Court conducted a hearing on the motion on June 13, 2023, at which time the Court passed the hearing to July 11, 2023. As stated above, Mr. Guilfoyle entered his appearance for Mr. Griffin on July 5, 2023. At the July 11, 2023 hearing. the parties announced to the Court they were working to a resolution of the motion. Consequently, the Court continued the hearing until August 10, 2023.

That August hearing was later passed on motion by Ms. Bryant to September 12, 2023. That hearing, however, was later continued on motion by Mr. Griffin, wherein he stated that "the parties are working on an agreement to allow John Griffin to inspect files." The motion was re-set for hearing on October 3, 2023.

On September 19, 2023, Mr. Griffin again filed a motion to continue. Again, Mr. Griffin indicated that the parties were working on an agreement to allow him to inspect the files. The Court granted that motion to continue and passed the hearing to November 9, 2023. Due to a scheduling issue, the hearing was later moved up to November 6, 2023.

At the November 6, 2023 hearing, the Court was again advised that the parties were working toward a settlement but that one had not yet been reached. The Court passed the hearing to December 5, 2023, at which time the Court was again told that the parties were still working toward a resolution. Consequently, the Court again continued the hearing to February 8, 2024.

At the February 8, 2024 hearing the parties again announced that no resolution had been reached. Because of the length of time that this motion had been pending, and because Mr. Griffin had not established that he had any right to these documents, and because

4

the estate was incurring a cost in storing the records, the Court decided to grant Ms. Bryant's motion. On February 9, 2024, the Court entered its order granting Ms. Bryant's motion and authorizing the records to be destroyed.

In Re: US Cavalry Store, Inc., No. 13-31315, Order on Motion (Bankr. W.D. Ky. Mar. 13, 2024) (Doc. No. 757).

The Bankruptcy Court denied Mr. Griffin's various requests to reconsider its order authorizing document destruction or review the documents in camera. Id.; see also Mar. 26, 2024 Order (Doc. No. 768). On May 6, 2024, the Bankruptcy Appellate Panel of the Sixth Circuit Court of Appeals dismissed Mr. Griffin's appeal as untimely filed. See In re: US Cavalry Store, Inc., No. 24-8006, Order (B.A.P. 6th Cir. May, 6, 2024) (Doc. No. 9). That court similarly denied Mr. Griffin's motion to reconsider. Id. (Doc. No. 11).

Mr. Griffin pursued no further appeals of the Bankruptcy Court's order. He commenced this suit on August 1, 2024. Compl. (Doc. No. 1).

## Analysis

Mr. Griffin seeks an injunction:

against ALL of the KY attorneys, their respective law firms as well as [Honorable] Judge Alan C. Stout (US Bankruptcy Court in KY) staying ANY and ALL efforts to destroy, alter, shred, remove etc. the newly-discovered DISPOSITIVE US CAV records (employee and/ or other related timekeeping records) stored at a commercial storage facility in Louisville KY. The "minimum" employee personnel records sought to be preserved include but are not limited to the attached

5

> spreadsheet. That sheet covers eight (8) pre-identified boxes of various types of records. The Plaintiff also seeks an injunction against all attorneys etc. covering the "original" fifty-five (55) boxes listed on the second spreadsheet to allow him more time to peruse those records for additional evidence in the instant and earlier GA case.

Pltf. Mot. (Doc. No. 3) at 5. Before analyzing the request for relief against the factors outlined above, the court must first address whether Mr. Griffin is precluded from relitigating in this court the issue Judge Stout resolved in the Bankruptcy Court.

Issue Preclusion

As explained above, in the Kentucky case, Judge Stout granted the bankruptcy trustee's motion for authorization to destroy the records at issue, an order which was left undisturbed by the Bankruptcy Appellate Panel and not appealed any further. This procedural history brings the doctrine of issue preclusion into play. Generally speaking, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Massachusetts v. Wampanoag Tribe of Gay Head, 98 F. Supp. 3d 55, 62 (D. Mass. 2015) (quoting Montana v. United States, 440 U.S. 147, 153 (1979). The doctrine of issue preclusion, or collateral estoppel, prevents "parties from contesting matters that they have had a full and fair

6

opportunity to litigate," and "protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Id. (quoting Montana, 440 U.S. at 153–54).

Federal principles of issue preclusion apply here because the prior order at issue — authorizing disposal of the debtor's business records – was issued by a United States Bankruptcy Court. See In Re: Mary E. Buscone, Debtor, Mary E. Buscone, Appellant, v. Ann Tracy Botelho, No. 1:23-CV-13254-JEK, 2024 WL 3744547, at *4 (D. Mass. Aug. 9, 2024) (citing Perez v. Volvo Car Corp., 247 F.3d 303, 311 (1st Cir. 2001) ("Federal law determines the preclusive effect of a judgment previously entered by a federal court.")). Under federal law, for a party to be collaterally estopped from relitigating an issue, four elements must be present: (1) both proceedings involved the same issue of fact or law, (2) the parties actually litigated the issue in the prior proceeding, (3) the prior court actually resolved the issue in a final and binding judgment, and (4) resolution of the issue was essential to its judgment. Id. citing Monarch Life Ins. Co. v. Ropes & Gray, 65 F.3d 973, 978 (1st Cir. 1995). The doctrine of issue preclusion applies "only if the loser had a 'full and fair opportunity to litigate' the

7

issue in the earlier proceeding." Santiago-Martínez v. Fundación Damas, Inc., 93 F.4th 47, 51 (1st Cir. 2024).

In light of Judge Stout's order and the circumstances that led to that order, Mr. Griffin's request for injunctive relief comfortably satisfies all four preclusion factors. First, the issue – destruction of documents is -- identical. Second, as described above, the issue was the subject of motion practice in the bankruptcy court and several court orders.  Third, the issue was actually resolved, both by Judge Stout and the Bankruptcy Appellate Panel, whose decision Mr. Griffin did not appeal. Finally, the issue before the court was the disposal of documents, so Judge Stout's order was undoubtedly essential to its resolution.  Even more broadly, resolution of the document issue was an essential step toward resolution of the bankruptcy case.[1]  Accordingly, Mr. Griffin's request for injunctive relief should be denied on the basis of issue preclusion.

## Conclusion

Based on the foregoing, the district judge should deny Mr. Griffin's motion for injunctive relief (Doc. No. 3). Any

---

[1] In a hearing before Judge Stout, the Bankruptcy Trustee stated: "I filed the motion for destruction of records, I believe on May 3rd of last year, and, you know, that's pretty much what's holding up the conclusion of this case."  In Re: U.S. Cavalry Store, Inc. No. 13-31315-ACS, Transcript (Doc. No. 778) at 5 (Bankr. W.D. Ky. Feb. 8, 2024).

objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 20, 2024

cc:   John M. Griffin, pro se